JS44 (Rev. 12/07)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose if initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
SILVANA ALPHONSO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Marshall L. Grabois, Esquire
166 East Butler Avenue
Ambler, PA 19002

**DEFENDANTS**
SONY PICTURES ENTERTAINMENT, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Los Angeles, CA___

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)
Philip D. Priore, Esquire
McCormick & Priore, P.C.
4 Penn Center, Suite 800
1600 JFK Boulevard
Philadelphia, PA 19103

---

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury – Med Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities- Employment
☐ 446 Amer. w/Disabilities- Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 abeas Corpus – Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (139ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Tile XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State of Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

---

**V. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Give the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 US 332(a)(1), 28 US 1441(a)
Brief description of cause:
Personal Injury-Premises Liability

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over $50,000
Check YES only if demanded in complaint:
JURY DEMAND ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
None
JUDGE _____
DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Silvana Alphonso                              :              CIVIL ACTION
                                              :
                        v.                    :
Sony Pictures Entertainment, Inc.             :
                                              :              NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                         (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                               (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                        (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                           (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (**X**)

| | | |
|---|---|---|
| _10-3-10_ | _[signature]_ | _Sony Pictures Entainment, In._ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| _215-972-0161_ | _215-972-5580_ | _pprice @ mccormickprice.com_ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA—DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignation to appropriate calendar.**

Address of Plaintiff: _____ 703 Misty Hollow Drive, Maple Glen, PA 19002 _____

Address of Defendant: _____ 10202 West Washington Blvd., Culver City, CA 90232 _____

Place of Accident, Incident or Transaction: _____ 7th Street/West Washington Square and Walnut St., Philadelphia, PA 19106 _____
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?  Yes ☐  No ☐
(Attach two copies of the Disclosure Statement Form in accordance with Fed. R.Civ. P. 7.1(a))

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☐

RELATED CASE IF ANY

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☐

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify):
7. ☐ Products Liability
8. ☐ Products Liability—Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

# ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____, counsel of record, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                                 *Attorney-at-Law*              *Attorney ID#*

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   November 3, 2010   *[signature]*   PHILIP D. PRIORE   38987
                            *Attorney-at-Law*              *Attorney ID#*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SILVANA ALPHONSO                        :        CIVIL ACTION
                                        :
              v.                        :
                                        :
SONY PICTURES ENTERTAINMENT,            :
INC.                                    :        NO.

## DISCLOSURE STATEMENT FORM

Please check one box:

☐     The nongovernmental corporate party, _____, in the above
      listed civil action does not have any parent corporation and publicly held corporation that
      owns 10% or more of its stock.

☒     The nongovernmental corporate party, Sony Pictures Entertainment in the above listed
      civil action has the following parent corporation(s) and publicly held corporation(s) that
      owns 10% or more of its stock:

      Sony Pictures Entertainment, Inc. is an indirect subsidiary of Sony
      Corporation, a publicly held company.

      _____

      _____

11-3-10                                          _____
Date                                                       Signature

                      Counsel for:   Sony Pictures Entertainment, Inc.

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
       (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement that
identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or
states that there is no such corporation.
       (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
              (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion,
                     response, or other request addressed to the court, and
              (2)    promptly file a supplemental statement upon any change in the information that
                     the statement requires.

McCORMICK & PRIORE
ATTORNEYS AT LAW

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SILVANA ALPHONSO : CIVIL ACTION
:
v. :
:
SONY PICTURES ENTERTAINMENT, :
INC. : NO.

## DISCLOSURE STATEMENT FORM

Please check one box:

☐ The nongovernmental corporate party, _____, in the above
listed civil action does not have any parent corporation and publicly held corporation that
owns 10% or more of its stock.

[x] The nongovernmental corporate party, Sony Pictures Entertainment in the above listed
civil action has the following parent corporation(s) and publicly held corporation(s) that
owns 10% or more of its stock:

Sony Pictures Entertainment, Inc. is an indirect subsidiary of Sony
Corporation, a publicly held company.

_____

_____

11-3-10
_____
Date

_____
Signature

Counsel for:   Sony Pictures Entertainment, Inc.

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement that
identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or
states that there is no such corporation.
    (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
        (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion,
               response, or other request addressed to the court, and
        (2)    promptly file a supplemental statement upon any change in the information that
               the statement requires.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SILVANA ALPHONSO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SONY PICTURES ENTERTAINMENT, | : | |
| INC. | : | NO. |

## NOTICE OF FILING OF NOTICE FOR REMOVAL
## TO THE UNITED STATES DISTRICT COURT

**To:   The Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:**

Defendant, Sony Pictures Entertainment, Inc. ("Sony"), hereby files a Notice of Removal of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, avers as follows:

1.      On September 30, 2010, plaintiff filed the instant Complaint against Sony in the Court of Common Pleas of Philadelphia County, Pennsylvania, docketed as  September Term, 2010, No. 3819. A true and correct copy of plaintiffs' Complaint is attached hereto as Exhibit "A."

2.      Upon information and belief, the instant premises liability action involves injury sustained by plaintiff when she fell while traversing a film site which was located in Philadelphia and the Commonwealth of Pennsylvania on or about September 14, 2009. *See* Exhibit "A", ¶¶ 5, 7-8.

3.      Accordingly, plaintiff, Silvana Alphonso, is a citizen of the Commonwealth of Pennsylvania, residing in Maple Glen, Pennsylvania.

McCORMICK & PRIORE
ATTORNEYS AT LAW

4.      Plaintiff's Complaint was served upon Sony by certified mail on or about October 6, 2010.[1]

5.      Pursuant to *28 U.S.C.S. § 1332(c)*, "for the purposes of a diversity action, a corporation shall be deemed a citizen of any state in which it is incorporated and also of the state in which it has its principal place of business...It is well settled that a corporation can have only one principal place of business." *Viola v. Provident Life & Accident Ins. Co.*, 2000 U.S. Dist. LEXIS 10277, *4 (E.D. Pa. 2000) (citations omitted).

6.      More specifically, the Supreme Court of the United States recently held in *Hertz Corp. v. Friend*:

> "[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (U.S. 2010).

7.      Sony is a corporation organized and existing under the laws of the state of Delaware and maintains its principal place of business at 10202 West Washington Blvd., Culver City, CA 90232.  A true and correct copy of the Affidavit of Simon Baker is attached hereto as Exhibit "B."

8.      Sony is therefore a citizen of the states of Delaware and California, and is consequently of diverse citizenship from plaintiff.

10.     Proper diversity jurisdiction exists in the instant matter as the claim involves a legitimate "controversy between citizens of different states, all of whom on one side of the

---

[1] Sony was served at its principal place of business, 10202 West Washington Boulevard, Culver City, CA 90232.

McCORMICK & PRIORE
ATTORNEYS AT LAW

controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

11.    Pursuant to the above analysis, complete diversity exists between plaintiff and Sony named in plaintiff's Complaint.

12.    The Complaint demands, on behalf of plaintiff, Silvana Alphonso, a judgment in excess of $50,000.00 against Sony based upon a negligence theory of liability. *See* Exhibit A.

13.    The value of the matter in controversy, as appearing from the allegations contained in the Complaint with respect to the alleged physical injuries and overall damages sustained by the plaintiff, and upon information and belief, exceeds $75,000.00.

14.    More specifically, plaintiff, Silvana Alphonso, alleges that she incurred the following physical injuries and/or damages because of the alleged incident:

- injuries that are severe and permanent;

- muscle injury;

- tissue injury;

- ligament injury;

- blood vessels injury;

- bone injury;

- discs injury;

- organs injury;

- cartilage injury;

- bruises;

- contusions;

- abrasions on various portions of her body;

- severe damage to her nerves and nervous systems;

- severe loss of earnings and impairment of earning capacity and power;

- severe physical pain, mental anguish and humiliation.

*See* Exhibit "A", at ¶¶ 11-14.

15.    Accordingly, the present lawsuit is removable from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania pursuant to *28 U.S.C. Section 1332(a)(1)* and *Section 1441(a)*, as complete diversity exists between plaintiff and Sony and the amount in controversy exceeds the jurisdictional amount.

16.    True and correct copies of all process, pleadings and orders which have been received by Sony, consist of the Complaint, which is attached hereto and filed herewith as Exhibit A.

17.    This notice is timely, as it is being filed within thirty (30) days of service of the Complaint upon Sony.

18.    Sony expressly reserves the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

19.    A true and correct copy of this Notice of Removal is being simultaneously filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by *28 U.S.C. Section 1446(d)*.

20.    Written notice of the filing of this Notice of Removal will be given to all parties as required by *28 U.S.C. Section 1446(d)*.

**WHEREFORE,** Notice is hereby given that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

McCORMICK & PRIORE, P.C.

Dated: <u>November 3, 2010</u>                    By: _____

Philip D. Priore, Esquire

## **CERTIFICATE OF SERVICE**

I, Philip D. Priore, Esquire, attorney for defendant, Sony Pictures Entertainment, Inc., in

the within action hereby certify that I am duly authorized to make this certification; and that on

this date, I did cause a true and correct copy of the foregoing Notice of Removal to be forwarded

by first-class United States mail to counsel addressed as follows:

Marshall L. Grabois, Esq.
Penna, Grabois & Assoc, LLC
166 East Butler Avenue
Ambler, PA 19002

**McCORMICK & PRIORE, P.C.**

Dated: <u>November 3, 2010</u>         By: _____

Philip D. Priore, Esquire
Attorneys for Defendant,
Sony Pictures Entertainment, Inc.

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2010**

E-Filing Number: 1009049134

**003819**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SILVANA ALPHONSO | SONY PICTURES ENTERTAINMENT, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 703 MISTY HOLLOW DRIVE<br>MAPLE GLEN PA 19002 | 10202 WEST WASHINGTON BLVD.<br>CULVER CITY CA 90232 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint       [ ] Petition Action       [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals |  [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED
PRO PROTHY**

SEP 30 2010

**S. GARRETT**

**IS CASE SUBJECT TO
COORDINATION ORDER?**
YES         NO

---

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>SILVANA ALPHONSO</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARSHALL L. GRABOIS | 166 E. BUTLER AVENUE<br>AMBLER PA 19002 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 643-7866 | none entered |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 17170 | mlg@pennagrabois.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MARSHALL GRABOIS* | Thursday, September 30, 2010, 04:32 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

PENNA, GRABOIS & ASSOC, LLC
ATTORNEYS AT LAW
BY: MARSHALL L. GRABOIS, ESQ.
Attorney I.D. No. 17170
166 East Butler Avenue
Ambler, PA 19002
(215) 643-7866



Attorney for Plaintiff

--------------------------------------------------------------------------------

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION LAW

SILVANA ALPHONSO                      :
703 Misty Hollow Drive                :       JURY TRIAL DEMANDED
Maple Glen, PA 19002                  :
                        Plaintiff     :
                                      :
            vs.                       :
                                      :
SONY PICTURES ENTERTAINMENT, INC.     :
10202 West Washington Blvd.           :
Culver City, CA 90232                 :
                        Defendant     :

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney, and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.
YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:
PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PA 19107
(215)238-1701

### AVISO

Le han demand ad c a usted en la corte, SI usted quiere defenderse de estas demandas expuestas en las peginas siguientes. usted tiene veinte (20) dias de plaza el partir de la fecha de le demanda y la notificacion. Hece faits asentar una comparencia escrita o en persons o con un aboged a y entregar a is corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. See avisedo que si usted no se defiendo, la corte tomare medidas y puedo continuar la demanda en contra suya sin pervio aviso o notificacion. Ademas, le corte puedo decidir a favor del demandante y requiere que usted cumpia ron tod as les provisiones de este demanda. Usted puede perder dinero o sue propledades u otros derechos importantes pare usted.
LLEVE ESTA DEMANDA A UN ABOGADO INMEDIA1A.
MENTE SINO YIENE ABOGADO O SI NO TIENE EL DIDERO SUFICIENTE DE PAGAR TAL SERVICIO VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL
ASOCIACION DE LICENSCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
ONE READING CENTER
PHILADELPHIA, PA 19107
(215)238-1701

Case ID: 100903819

*10/6/10 SD Vla mail* (handwritten)

NOTICE TO PLEAD
TO: Defendant:
You are hereby notified to file a
written response to the enclosed
Complaint within twenty (20) days
from the date of service hereof or a
judgment may be entered against
you.

   /s/ Marshall L. Grabois, Esq.
Attorneys for Plaintiff

PENNA, GRABOIS & ASSOC., LLC
ATTORNEYS AT LAW
BY:  MARSHALL L. GRABOIS, ESQ.
Attorney I.D. No. 17170
166 East Butler Avenue
Ambler, PA  19002
(215) 643-7866                                    Attorney for Plaintiff

-------------------------------------------------------------------------------------------

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**
**CIVIL ACTION LAW**

SILVANA ALPHONSO                      :
703 Misty Hollow Drive                 :        JURY TRIAL DEMANDED
Maple Glen, PA 19002                   :
                          Plaintiff        :
                                       :
                                       :
           vs.                         :
                                       :
SONY PICTURES ENTERTAINMENT, INC.      :
10202 West Washington Blvd.            :
Culver City, CA 90232                  :
                          Defendant    :

**COMPLAINT IN CIVIL ACTION**

        Plaintiff, by counsel, hereby demands judgment against the Defendants herein, in a sum

in excess of Fifty Thousand ($50,000.00) Dollars upon a cause of action whereof the following is

a statement:

        1.      Plaintiff Silvana Alphonso, is an individual who resides at 703 Misty Hollow

Drive, Maple Glen, PA 19002.

                                                        Case ID: 100903819

2.     Defendant, Sony Pictures Entertainment, Inc., is a corporation, fictitious entity or other business entity so named or conducting business under such name with its place of business at 10202 West Washington Blvd., Culver City, CA  90232.

3.     The Defendant, at all times relevant hereto, is engaged in the movie, film and television production business.

4.     At all times relevant hereto the Defendant acted through its agents, servants and employees under the supervision or control of Defendant and with Defendant's authority.

5.     At all times relevant hereto the Defendant, in connection with its television and/or film production business took and exercised control of the public streets and public sidewalks in the area of 7th Street/West Washington Square and Walnut Street, Philadelphia, Pa. while it was producing a film.  That confluence of streets and sidewalks is herein references as the "Site".

6.     The Plaintiff believes that the film being produced by Defendant involved actors Reese Witherspoon and Paul Rudd, and it was a James L. Brooks untitled movie that used to be called, "How do You Know", but which film's identification is otherwise unknown by Plaintiff and within the exclusive control of Defendant.

7.     On or about September 14, 2009 at approximately 4:05 p.m. the Plaintiff was lawfully at the Site as she traversed the public streets and sidewalks from her place of employment, intending to walk to the train station where she was going to board a train to take her home.

8.     At that time and place at the Site the Plaintiff was caused to fall violently to the ground when her foot suddenly and unexpectedly struck a metal bar or metal beam that constituted a dangerous condition obstructing the public way at the Site.

Case ID: 100903819

9.    The Defendant had actual knowledge and notice of that dangerous condition of the said Site, and the same had existed for so long a period of time prior to the happening of the occurrence herein alleged so that Defendant, in the exercise of due care, could and should have known of the dangerous condition thereof.

10.    The Plaintiff's fall was caused by the negligence and carelessness of the Defendant in the following manner:

    a.    Creating a dangerous condition at the Site.

    b.    Failing to warn of the dangerous condition.

    c.    Obstructing the public way and failing to provide Plaintiff with a safe route to traverse the public way at the Site.

    d.    Directing Plaintiff into the dangerous condition.

    e.    Failing to prudently and safely inspect the Site so as to prevent the dangerous condition from existing.

    f.    Failing to prudently and safely supervise its agents, servants and employees.

    h.    Failing to implement and exercise safe and prudent methods to prevent Plaintiff from injuring herself on the aforesaid dangerous condition.

    i.    Failing to comply with the laws, ordinances and regulations regarding their use of the public streets and sidewalks for its film production activity.

    j.    Failing to secure required permits required by applicable governmental entities for the safety of the public, including Plaintiff.

    k.    Negligence per se.

3

Case ID: 100903819

l.      Disregarding the rights ad safety of Plaintiff and other persons lawfully at

the Site.

11.     As a result of this accident, Plaintiff has suffered injuries which are or may be

serious and permanent including injuries to the muscles, tissues, ligaments, blood vessels, bones,

discs, organs, cartilage, bruises, contusions, abrasions of various portions of Plaintiff's body and

severe damage to Plaintiff's nerves and nervous system and various other ills and injuries.

12.     As a further result of this accident, Plaintiff has been or will be obliged to receive

and undergo medical attention and care and to expend various sums of money or to incur various

expenses for the injuries Plaintiff has suffered; and Plaintiff may be obliged to continue to

expend such sums or incur such expenditures for an indefinite time in the future.

13.     As a further result of this accident, Plaintiff has or may suffer a severe loss of

Plaintiff's earnings and impairment of Plaintiff's earning capacity and power.

14.     As a further result of the accident aforementioned, Plaintiff has suffered severe

physical pain, mental anguish and humiliation; and Plaintiff may continue to suffer same for an

indefinite time in the future.

**WHEREFORE,** Plaintiff demands judgment against the Defendant, for a sum in excess

of Fifty Thousand ($50,000.00) Dollars plus costs and interest.

Respectfully submitted,
PENNA, GRABOIS & ASSOCIATES

Date:   9/23/10                    /s/ Marshall L. Grabois
                                   MARSHALL L. GRABOIS, ESQ.
                                   Attorney for Plaintiff

4

Case ID: 100903819

## VERIFICATION

I state that I am the Plaintiff in the within action and that the facts set forth in the attached Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S Section 4904, relating to unsworn falsification of authorities.

Date: _____9 | 13 | 1 V_____         _____
                                      SILVANA ALPHONSO

Case ID: 100903819

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SILVANA ALPHONSO                      :

                                 :         COURT OF COMMON PLEAS

                                 :         PHILADELPHIA COUNTY

          v.                   :

                                 :         SEPTEMBER TERM, 2010

SONY PICTURES ENTERTAINMENT,    :

INC.                               :         NO.: 3819

## <u>AFFIDAVIT</u>

**Simon Baker**, being duly sworn according to law, deposes and says the following:

      1.      I, Simon Baker, am the SVP and Corporate Treasurer of Sony Pictures

Entertainment Inc. (hereafter "SPE").

      2.      SPE is a corporation organized and existing under the laws of the state of

Delaware which maintains its principal place of business at 10202 W. Washington Blvd., Culver

City, CA 90232.

      3.      The statements contained in this Affidavit are true and correct to the best of my

knowledge, information and belief, and are made subject to the penalties of perjury and to the

penalties relating to sworn falsification to authorities.

Dated:                                 _____

                                               **Simon Baker**

                                               **SVP and Corporate Treasure**

State of California
County of Los Angeles
Sworn to and subscribed before me
this 28th day of October,
2010.

_____ Notary Public

JANE M. COREY
Commission # 1869000
Notary Public - California
Los Angeles County
My Comm. Expires Nov 19, 2013

**McCORMICK & PRIORE, P.C.**
By: Philip D. Priore, Esquire
Attorney ID #38987
Four Penn Center, Suite 800                      Attorneys for Defendant,
1600 John F. Kennedy Boulevard                   Sony Pictures Entertainment, Inc.
Philadelphia, PA 19103
(T) 215-972-0161
(F) 215-972-5580
email: ppriore@mccormickpriore.com

| | | |
|---|---|---|
| SILVANA ALPHONSO | : | |
| | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | SEPTEMBER TERM, 2010 |
| SONY PICTURES ENTERTAINMENT, | : | |
| INC. | : | NO.: 3819 |

**TO: THE PROTHONOTARY OF THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

Pursuant to *28 U.S.C. Section 1446(d)*, defendant, Sony Pictures Entertainment, Inc., file

herewith a copy of a Notice of Removal filed in the United States District Court for the Eastern

District of Pennsylvania on the 3rd day of November, 2010, case number 3819.

                                        **McCORMICK & PRIORE, P.C.**

Dated: November 3, 2010          By: _____
                                        Philip D. Priore, Esquire
                                        Attorneys for Defendant,
                                        Sony Pictures Entertainment, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SILVANA ALPHONSO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SONY PICTURES ENTERTAINMENT, | : | |
| INC. | : | NO. |

## NOTICE OF FILING OF NOTICE FOR REMOVAL
## TO THE UNITED STATES DISTRICT COURT

To:   Marshall L. Grabois, Esquire
      Penna, Grabois & Associates, LLC
      166 East Butler Avenue
      Ambler, PA 19002

**PLEASE TAKE NOTICE** that defendant, Sony Pictures Entertainment, Inc. ("Sony") in

the above-captioned matter, originally pending in the Court of Common Pleas of Philadelphia

County, Pennsylvania in September Term 2010, No. 03819, did on November, 2010, file in the

United States District Court for the Eastern District of Pennsylvania a Notice of Removal of said

action, a copy of that Notice of Removal being attached hereto and served herewith.

**McCORMICK & PRIORE**

BY:   _____/s/_____
      Philip D. Priore, Esquire
      Shahenaz Yates, Esquire
      Attorneys for Defendant,
      Sony Pictures Entertainment, Inc.
      4 Penn Center, Suite 800
      1600 JFK Boulevard
      Philadelphia, PA 19103
      (215) 972-0161

Date: November 3, 2010